NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 22 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JIHAN, INC. et al.,

　　　　　Plaintiffs-Appellants,

　v.

AMCO INSURANCE COMPANY,

　　　　　Defendant-Appellee.

No.　21-55633

D.C. No. 3:20-cv-00097-TWR-WVG

MEMORANDUM*

Appeal from the United States District Court
for the Southern District of California
Todd W. Robinson, District Judge, Presiding

Argued and Submitted March 10, 2022
Pasadena, California

Before:　WARDLAW and HURWITZ, Circuit Judges, and MOLLOY,** District
Judge.

　　Appellants sued AMCO Insurance Company ("AMCO") in response to

AMCO's partial denial of insurance coverage following a 2018 fire and subsequent

tenant vandalism at Appellants' car wash facility.　AMCO found that Appellants

---

\*　　This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*　　The Honorable Donald W. Molloy, United States District Judge for the
District of Montana, sitting by designation.

1

no longer had an insurable interest in certain damaged property and that, even if they did, policy exclusions barred coverage. The district court granted summary judgment in favor of AMCO. We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part and reverse in part.

1. Because Appellants sold the car wash "inventory, machinery, furniture, trade fixtures, car wash systems and other equipment" to a third party in 2016, they no longer retained an "insurable interest" in the car wash systems that were damaged by the fire. *See Cal. Food Serv. Corp. v. Great Am. Ins. Co.*, 130 Cal. App. 3d 892, 897 (1982). The plain language of the sale agreement clearly provided that only "leasehold improvements" were retained by Appellants and that all other damaged property at issue had been transferred. *See United States v. King Features Ent., Inc.*, 843 F.2d 394, 398 (9th Cir. 1988) ("Summary judgment is appropriate when the contract terms are clear and unambiguous, even if the parties disagree as to their meaning."). AMCO also properly prevailed on Appellants' loss of business income claim, as Appellants presented no evidence that they received profits—aside from rent—from the operation of the car wash at the time of the fire.

2. Both parties, however, agree that Appellants retained an insurable interest in the *building's* electrical system as a "leasehold improvement." Appellants provided evidence that "[t]he fire . . . damaged the . . . building electrical." *See*

2

*First Am. Title Ins. Co. v. XWarehouse Lending Corp.*, 177 Cal. App. 4th 106, 115 (2009). The record does not indicate that Appellants received any payment for the claimed damage to the electrical system. Contrary to AMCO's characterization, because the fire directly caused the damage, the state of the property before the fire bears on the value of, not coverage for, that damage. Accordingly, it was error to grant summary judgment in AMCO's favor on this very narrow part of Appellants' breach of contract claim.

3. As to any damage caused by the tenant vandalism to the building itself, the AMCO policy excludes coverage for "loss or damage caused by or resulting from . . . [d]ishonest or criminal acts by you, anyone else with an interest in the property, or . . . anyone to whom you entrust the property for any purpose." Because Appellants' claim is premised on the allegation that their subtenant was the sole cause of the damage, the district court correctly found coverage for damage to the building barred under the terms of the policy.

4. Appellants further argue that AMCO breached the insurance contract because they were not adequately compensated for the agreed upon covered losses, i.e., "the cleaning of concrete walls and floors, replacement of door to the room, repairs to ceiling/roof framing, and repairs to roofing and stucco." But up until the summary judgment stage, Appellants' breach of contract claim was presented purely as a coverage dispute related to the systems for which AMCO had not paid

3

at all. The complaint did not put AMCO on notice of the facts or law underlying a dispute over AMCO's valuation of the damages for which it had paid. *See Navajo Nation v. U.S. Forest Serv.*, 535 F.3d 1058, 1080 (9th Cir. 2008) ("[W]here, as here, the complaint does not include the necessary factual allegations to state a claim, raising such a claim in a summary judgment motion is insufficient to present the claim to the district court.").

5. Finally, we affirm the district court's grant of summary judgment as to Appellants' bad faith claim. Appellants did not attempt to maintain this independent claim on appeal. The mere existence of a coverage dispute is not sufficient to preserve the claim, as bad faith requires a showing above and beyond the denial of coverage. *Chateau Chamberay Homeowners Ass'n v. Assoc'd Int'l Ins. Co.*, 90 Cal. App. 4th 335, 346 (2001). No such showing has been made.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.** Each party shall bear its own costs.